Todd E. Rinner (ASB #034567)
SNELL & WILMER L.L.P.
One South Church Avenue, #1500
Tucson, AZ 85701
Telephone: 520.882.1200
E-Mail: trinner@swlaw.com

*Attorneys for Defendant United Seating and Mobility, LLC dba Numotion*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Gonzalez,<br><br>    Plaintiff,<br><br>v.<br><br>United Seating and Mobility, LLC, dba Numotion, a Missouri limited liability company; Invacare Corporation, an Ohio corporation, fka Alber, USA, LLC, an Ohio corporation; Alber GmbH, a foreign corporation; Does I through X, ABC Partnerships I through X, and Black Corporations I through X,<br><br>    Defendants. | Case No.:<br><br>(Removed from Superior Court Pima County, Arizona Case No. C2023-1090)<br><br>**DEFENDANT UNITED SEATING AND MOBILITY, LLC'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant United Seating and Mobility, LLC dba Numotion ("Numotion"), by and through its counsel of record, Snell & Wilmer L.L.P., removes this action to the United States District Court, District of Arizona pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof, states the following:

1. This matter was commenced on March 10, 2023, when Plaintiff Carmen Gonzales filed a Complaint in the Superior Court of Pima County, Arizona. (See Exhibit A, at Complaint, at ¶ 1).

2. Numotion was served with the Summons and Complaint on May 8, 2023, as reflected in the Affidavit of Service. (See Exhibit A, at Affidavit of Service filed 5/16/2023).

3. The Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after Numotion was served the Complaint.

4. Numotion removes this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity is satisfied as follows:

   a. Plaintiff is a resident of Pima County, Arizona. (See Exhibit A, at Complaint, at ¶ 1).

   b. At all relevant times, Defendant Numotion was and is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Tennessee. Numotion's sole member, NMN Holdings III, Corp., was and is a Delaware corporation with its principal place of business in Tennessee. Therefore, Numotion is a citizen of Delaware and Tennessee. *See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006) (holding that an LLC has the citizenship of each of its members).

   c. Defendant Invacare Corporation is an Ohio corporation with its principal place of business in Ohio. (See Exhibit A, at Complaint, at ¶ 4).

   d. Defendant Alber GmbH is a foreign German corporation with its principal place of business in Germany. (See Exhibit A, at Complaint, at ¶ 5).

   e. The citizenship of defendants sued under fictitious names is disregarded for purposes of demonstrating complete diversity of the parties for removal. 28 U.S.C. § 1441(b).

   f. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy regarding the dispute must exceed $75,000. As the Supreme Court clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

    g. Plaintiff's complaint seeks damages due to allegedly being ejected from a wheelchair and suffering "injuries to her back, shoulder, hands, neck, hip, pelvis, and knees." (See Exhibit A, at Complaint, at ¶¶ 12-13). She has alleged that she "has continually suffered pain and has undergone treatment for her pain and injuries." *Id*., ¶ 18. She also has alleged that she has "experienced severe emotional distress, pain and suffering, and loss of enjoyment of life." *Id*., ¶ 25. She further seeks damages for medical expenses incurred, lost wages, lost earning capacity, costs of this litigation, and punitive and exemplary damages. *Id*., ¶ "WHEREFORE" (1)-(6). Moreover, Plaintiff has filed a Rule 102a FASTAR CERTIFICATE certifying that this case is not meet the eligibility criteria established by Rule 101b, which means the case necessarily seeks in excess of the $50k maximum jurisdictional limit of FASTAR.

    h. Therefore, Numotion has a reasonable, good-faith belief that Plaintiff is asserting damages in excess of $75,000. Therefore, the amount in controversy minimum is satisfied in accordance with 28 U.S.C. § 1332(a).

5. Venue is proper in the District of Arizona as this is the "district and division embracing the place where [this] action is pending." 28 U.S.C. § 1441(a). The litigation is pending in the Superior Court of Pima County, Arizona. As such, this is the correct venue to which the matter should be removed.

6. Based thereon, Numotion is entitled to remove this entire action from the Superior Court of Pima County, Arizona to the United States District Court, District of Arizona, and Numotion hereby exercises that right.

7. Pursuant to 28 U.S.C. § 1446(a), Numotion has attached a copy of all process, pleadings, and orders served upon Numotion, which are the following: Summons, Complaint, and RULE 102a FASTAR CERTIFICATE (included in Exhibit A).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this removal has been, or is being, filed concurrently with the Superior Court of Pima County, Arizona, and served upon the

Plaintiff.

9. Numotion reserves the right to supplement this Notice of Removal as additional information becomes available. Numotion further reserves all rights including, but not limited to defenses and objections as to venue, personal jurisdiction and serve. The filing of this Notice of Removal is subject to, and without waiver of, any such defense or objection.

10. True and complete copies of the entirety of the state court docket's filings, including a copy of the most recent docket, are attached hereto as **Exhibit A**.

11. Consent of Invacare Corporation and Alber GmbH is not required as such parties have not been served (or possibly even properly joined). *See* 28 U.S.C. § 1446(b)(2)(A).

12. Numotion hereby respectfully asserts its demand for a jury trial.

Dated:  June 7, 2023.                                  SNELL & WILMER L.L.P.


By: *s/ Todd E. Rinner*
Todd E. Rinner
One South Church Avenue
Suite 1500
Tucson, Arizona  85701-1630
Telephone: 520.882.1200
Facsimile: 520.884.1294
*Attorneys for Defendant United Seating and Mobility LLC, dba Numotion*

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing by the method indicated below:

- ☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Phoenix, Arizona addressed as set forth below.

- ☒ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

- ☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

- ☐ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

and addressed to the following:

Michael Medina Jr.
Steven Weinberger
Taylor Calmelat
DAVIS MILES MCGUIRE GARDNER PLLC
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
mmedina@davismiles.com
sweinberger@davismiles.com
tcalmelat@davismiles.com
*Attorneys for Plaintiff*

DATED this 7th day of June, 2023.

*/s Todd E. Rinner*

4891-7007-8313