**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Gonzalez,<br><br>         Plaintiff,<br><br>v.<br><br>United Seating and Mobility LLC, et al.,<br><br>         Defendants. | No. CV-23-00263-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Defendant Alber GmbH's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 18.) The motion has been fully briefed, and Plaintiff Carmen Gonzalez has requested additional limited discovery to establish personal jurisdiction. (Docs. 26 at 6, 29.) For the following reasons, the Court will grant Defendant's motion to dismiss and deny Plaintiff's request for discovery.

**I.     Background**

On March 10, 2023, Plaintiff, a resident of Pima County, Arizona, filed a complaint in Arizona Superior Court against Defendants United Seating and Mobility, LLC dba Numotion ("Numotion"); Invacare Corporation ("Invacare"); Alber GmbH ("Alber"); and others. (Doc. 1-3 at 16.) On June 7, 2023, Defendant Numotion removed the case to this Court. (Doc. 1.) Plaintiff alleges that she suffered injuries from a defective wheelchair designed, manufactured, tested, inspected, warranted, marketed, distributed, and sold by Defendant Alber, and brings the action under theories of strict liability and negligence. (Doc. 1-3 at 19.)

1 Defendant Alber, a German Corporation headquartered in Baden-Württemburg, Germany, has moved to be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 18.) Alber disputes the allegations made against it by the Plaintiff, explaining that it is the manufacturer of a "power add-on devices which *attach* to pre-existing manual wheelchairs." (*Id*. at 2 (emphasis in original).)

Along with its Motion to Dismiss, Alber has filed a declaration of Johannes Beltman, the Managing Director of Alber. (Doc. 18-1.) In his declaration, Mr. Beltman states: Alber is not a registered business entity in Arizona or any other U.S. state; all manufacturing of Alber products occurs in Germany; Alber does not specifically design products for Arizona consumers; the assembly of any Alber products in the U.S. is completed by separate corporate business entities; Alber does not own any subsidiaries, including distributors, in the U.S.; Alber has no business relationship with dealers or end customers in the U.S.; Alber does not control distribution of their products in the U.S.; Alber does not conduct advertising in the U.S.; and Alber does not maintain a sales force in Arizona. (*Id*. at 2-4.) As such, Mr. Beltman contends Alber does not conduct or solicit continuous or systematic business in the State of Arizona. (*Id*.)

**2.      Legal Standard**

When opposing a motion to dismiss for lack of personal jurisdiction, the "plaintiff bears the burden of establishing . . . jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "Where [] the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Where "there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Schwarzenegger, 374 F.3d at 800 (citing Fed. R. Civ. P. 4(k)(1)(A)). "The Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am.*

*Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); *see also* Ariz. R. Civ. P. 4.2(a). Under the Fourteenth Amendment's Due Process Clause, a court's authority depends on a defendant "having such 'contacts' with the forum State [to ensure] 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

There are two types of personal jurisdiction: general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction exists over a nonresident defendant when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Schwarzenegger*, 374 F.3d at 801. To decide whether a defendant has the requisite contacts, the Ninth Circuit considers the contacts' "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the [forum] state's regulatory or economic markets." *Mavrix Photo, Inc.*, 647 F.3d at 1224 (citation omitted).

Alternatively, "specific jurisdiction covers defendants . . . less intimately connected with a state, but [who] have sufficient minimum contacts with the state . . . relevant to the lawsuit." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022). To exercise specific (or "case-linked") personal jurisdiction, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum state." *Ford Motor Co.*, 592 U.S. at 259 (internal quotation and citation omitted). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (citation and internal quotation marks omitted). The Ninth Circuit has implemented a three-prong test to determine if a court has specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his

> activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Herbal Brands v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (quoting *Schwarzenegger*, 374 F.3d at 802), *cert. denied*, 144 S. Ct. 693 (2024) (mem.). The plaintiff bears the burden of proving the first two prongs, and, if the plaintiff meets its burden, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation marks omitted) (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017)).

**3.  Discussion**

The Plaintiff argues that the Court should find that it has specific jurisdiction over the Defendant, or, in the alternative, permit limited discovery regarding the Defendant's assertion that it is not subject to this Court's jurisdiction. (Doc. 26 at 1.)

**A.  General Personal Jurisdiction**

This Court does not have general jurisdiction over the Defendant. "A court with general jurisdiction may hear *any* claim against that defendant." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (emphasis in original). However, "[u]nless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific jurisdiction.'" *Menken v. Emm*, 503 F.3d 1050, 1056-57 (9th Cir. 2007). Essentially, a court may only exercise general personal jurisdiction over a corporation in the place in which it is incorporated or its principal place of business. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).

Alber is a German corporation, headquartered in Baden-Württemburg, Germany, privately owned by Invacare Germany Holding GmbH, another German Company, who is

owned by Invacare Holdings C.V., a Dutch company, which is owned by Invacare International Holdings Corp., a Delaware corporation, which is owned by Invacare Holdings Corp., a Delaware corporation headquartered in Ohio. (Doc. 18 at 2.) Defendant Alber is not headquartered or incorporated under the laws of Arizona and does not have its principal place of business in Arizona. As such, there is no basis for the Court to exercise general personal jurisdiction over the Defendant.

### B.   Specific Personal Jurisdiction

The Plaintiff argues that Defendant Alber is subject to Arizona's specific personal jurisdiction. (Doc. 26 at 3-6.) For the following reasons, the Court finds that the Plaintiff has not shown that Defendant Alber purposefully availed itself of or purposefully directed its activities to Arizona sufficiently to establish a prima facia case for the exercise of specific personal jurisdiction.

#### 1.   Purposeful Availment

Purposeful availment exists when a defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Courts determine purposeful availment by analyzing whether a defendant has "engaged in significant activities within a State or has created 'continuing obligations' between [itself] and the residents of the forum." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)).

The Plaintiff alleges that Alber purposefully availed itself by manufacturing a "highly specialized component part" of the Plaintiff's wheelchair. (Doc. 26 at 5.) In support of this theory, the Plaintiff cites *Harding v. Cordis Corp.*, 196 N.E.3d 514 (Ill. App. 2021). In *Harding*, a manufacturer, Confluent, produced a specialized component for a medical device which the manufacturer knew the ordering company, Cordis, might sell in Illinois.

*Id.* at 518. The court found that Cordis, as seller of the finished product, was in essence a distributor for Confluent's specialized component, and held that it was subject to the personal jurisdiction of Illinois courts. *Id.* at 522. Here, the Plaintiff states that Alber has affiliations with other parties, but she fails to explain how those affiliations might connect Alber to the State of Arizona. (Doc. 26 at 5-6.) Plaintiff fails to allege how the wheelchair component at issue made its way from Alber to the Plaintiff's wheelchair, and further fails to object to or refute any portion of Alber's affidavit. Without more, the Court finds that Plaintiff fails to make a prima facie showing that Alber purposefully availed itself of this forum.

### 2. Purposeful Direction

The Plaintiff alleges that Alber purposefully directed its activities to the State of Arizona using its website. (Doc. 26 at 5.) Purposeful direction is determined through a three-part "effects" test, where "the defendant must have allegedly: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Calder v. Jones*, 465 U.S. 783 (1984). Internet activity can constitute purposeful direction for the purpose of specific jurisdiction when "expressly aimed" at the forum state. *Herbal Brands*, 72 F.4th at 1091. "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix*, 647 F.3d at 1231. The website must be "interactive" as opposed to "passive" for a determination of express aim to the forum. *See id.*

Here, the Plaintiff does not allege that Alber's website is interactive. (*See* Doc. 26-1.) And it does not appear that the public can purchase any product directly from Alber's website. (*See id.*) As such, Alber's website is passive. "It is well settled that mere passive operation of a website is insufficient to demonstrate express aiming." *Herbal Brands*, 72 F.4th at 1091(cleaned up, quotations omitted). Because Alber's activities are not purposefully directed toward the State of Arizona, and Plaintiff fails to meet the requirements of the first prong, Plaintiff fails to make a prima facie showing that Defendant

Alber is subject to the specific personal jurisdiction of this Court.

### C. Plaintiff's request for discovery

A district court, in its discretion, "may order discovery on . . . jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted). The district court has broad discretion to permit or deny jurisdictional discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (citing *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). "[A] mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (citation omitted).

Plaintiff requests to conduct discovery because Alber is a "stranger" to her. (Doc. 26 at 8). However, the Plaintiff neither controverts any facts alleged by Mr. Beltman, nor offers any facts or evidence which would tend to support a finding of personal jurisdiction. The Plaintiff lists nine questions for which she seeks discovery, most of which appear to be about the nature of Alber's website and the contact information contained therein. *Id.* However, information about the website is currently available to Plaintiff and, as discussed above, the information contained on the website does not avail Alber of the jurisdiction of this Court.[1] The answers to the remaining questions proposed by Plaintiff are addressed in

---

[1] The Plaintiff's nine proposed areas of inquiry are:

Question 1: "Did Alber GmbH provide power add-on devices to entities in the United States?" (Doc. 26 at 8.) (Answered in Doc. 18-1 at 2-3, ¶ 7, "Alber GmbH has no business relationships with dealers or end customers in the United States, including Arizona.")

Question 2: "Did Alber GmbH provide power add-on devices to entities in the United States that conducted business in Arizona?" (Doc. 26 at 8.) (Answered in Doc. 18-1 at 2-3, ¶ 7, "Alber GmbH has no business relationships with dealers or end customers in the United States, including Arizona.")

Question 3: "What is the nature of the relationship between Defendant Alber GmbH and Invacare Holdings?" and Question 4: "What was the relationship between Defendant Alber GmbH and Invacare Corporation?" (Doc. 26 at 8.) (Answered in Doc. 18-1 at 2, ¶ 3; *see supra* Section 3(A) (Alber is privately owned by Invacare Germany Holding GmbH, a German Company, which is owned by Invacare Holdings C.V., a Duty company, which is owned by Invacare International Holdings Corp., a Delaware corporation, which is

the affidavit supplied by Defendant, (*see* Doc. 18-1), and the Plaintiff does not dispute any of the information contained therein. As such, the Plaintiff has provided no support for her request for discovery. This is one of those cases where "a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita,* 62 F.4th at 507. Because Plaintiff has failed to make a colorable showing that the Court can exercise personal jurisdiction over the Defendant, or that preliminary discovery would provide evidence to support such a showing,

**IT IS ORDERED** that Defendant Alber GmbH's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 18) is **granted.** Defendant Alber GmbH is dismissed with out prejudice.

**IT IS FUTHER ORDERED** Plaintiff's request to conduct limited discovery is **denied**.

Dated this 27th day of June, 2024.

_____
Jennifer G. Zipps
United States District Judge

---

owned by Invacare Holdings Corp., a Delaware corporation headquartered in Ohio.)
  Question 5: "Why does Alber GmbH have an active website in the United States." (Doc. 26 at 8.) (Alber's website is passive and therefore its contents are not determinative in establishing personal jurisdiction. *See supra* Section 3(B)(2).)
  Question 6: "Why does Alber GmbH provide contact information for its German office?" (Doc. 26 at 8.) (Alber's website is passive and therefore its contents are not determinative in establishing personal jurisdiction. *See supra* Section 3(B)(2).)
  Question 7: "Why does the Alber GmbH website provide a company history back to 1986, which identifies other GmbH entities?" (Doc. 26 at 8.) (Alber's website is passive and therefore its contents are not determinative in establishing personal jurisdiction. *See supra* Section 3(B)(2).)
  Question 8: "What does the reference to Invacare as the umbrella organization mean?" (Doc. 26 at 8.) (Answered in Doc. 18-1 at 2, ¶ 3; *see supra* Section 3(A)).
  Question 9: "Why does the website contain contact information for Alber USA?" (Doc. 26 at 8.) (Alber's website is passive and therefore its contents are not determinative in establishing personal jurisdiction. *See supra* Section 3(B)(2).)